IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JOSEPH VERNON METOYER                    §

VS.                                      §    CIVIL ACTION NO. 1:07cv290

DIRECTOR, TDCJ-CID                        §

MEMORANDUM OPINION AND ORDER

Joseph Vernon Metoyer, proceeding *pro se*, filed this petition for writ of habeas corpus.

The respondent has filed a motion asking that the petition be dismissed for failure to exhaust state court remedies. Petitioner has filed a response.  The motion is therefore ripe for consideration.

Factual Background

In 2006, pursuant to a plea of no contest entered in the Criminal District Court of Jefferson County, Texas, petitioner was convicted of possessing a controlled substance and sentenced to 2 years imprisonment.

Documents submitted by the respondent indicate petitioner discharged his sentence on November 1, 2007.  The respondent asserts petitioner did not appeal his conviction and has not filed a state application for writ of habeas corpus concerning his conviction.

Discussion

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state court remedies before seeking relief in federal court.  *See Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997).  In order to be considered to have properly exhausted state court remedies, a petitioner must have fairly presented the substance of his claims to the highest state court.  *Id.*, *citing Picard v. Connor*, 404 U.S. 270 (1971); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

In order to properly exhaust a claim, a Texas state prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).  Petitioner does not state he filed either a petition for discretionary review or an application for writ of habeas corpus concerning his conviction.  As a result, the Court of Criminal Appeals has not had an opportunity to consider his claims.  The motion to dismiss will therefore be granted and this case dismissed.

ORDER

For the reasons set forth above, the respondent's motion to dismiss is **GRANTED**.  A final judgment shall be entered dismissing this petition for writ of habeas corpus.

**SIGNED** this the 29 day of **August, 2008.**

Thad Heartfield
United States District Judge

3